# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARITA G. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-53-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Larita G. Bailey requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 4, 1961, and was forty-eight years old at the time of the administrative hearing. (Tr. 29, 117). She graduated high school, where she attended special education classes. (Tr. 210-211). The claimant has worked as an in-home companion, and alleges that she has been unable to work since February 1, 2008, because of leg problems, stress, female problems, depression, and a learning disability. (Tr. 117, 121, 156).

## Procedural History

The claimant applied on April 14, 2008 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and on April 25, 2008 for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Kim D. Parrish determined the claimant was not disabled in a written opinion dated September 16, 2009. (Tr. 15-25). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. The ALJ determined that the claimant's severe impairments consisted of mild mental retardation and history of depression. (Tr. 17). He further found that claimant had the RFC to

perform a full range of work at all exertional levels, but that she had the additional nonexertional impairments of working in relative isolation with limited contact with peers, supervisors, and the general public; remembering and understanding very short and simple instructions and carrying out simple, routine tasks; reading at the sixth-grade level; and sustaining concentration necessary for unskilled work. (Tr. 20). Though the ALJ found that the claimant was incapable of performing her past relevant work, he found that she was nevertheless not disabled because there was work in the national and regional economies that she was capable of performing, *i. e.*, bench assembler, conveyor line bakery worker, and touch up screener/circuit board assembler. (Tr. 24).

### Review

The claimant contends that the ALJ erred by: i) finding that the claimant did not satisfy the criteria of Listing 12.05C, and ii) failing to properly evaluate the opinion of a state reviewing physician. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly determine whether the claimant satisfied the criteria of Listing 12.05C, and the decision of the Commissioner should therefore be reversed.

The claimant was evaluated by state consultative examiner C. Robin McGirk, Ph.D. on August 20, 2008. (Tr. 265-267). During this appointment, Dr. McGirk administered the Wechsler Adult Intelligence Scale-III (WAIS-3), the results of which indicated that claimant had a verbal IQ of 65, a performance IQ of 68, and a full scale IQ of 63, and said results placed her in the retarded range. (Tr. 266). Dr. McGirk diagnosed the claimant with mild mental retardation provisional, noting that her "cooperation and

enthusiasm make the . . . result what is believed to be an accurate measure of her true abilities at this time." (Tr. 266).

State reviewing physician Dr. Deborah Hartley completed a Psychiatric Review Technique and corresponding Mental Residual Functional Capacity Assessment. (Tr. 295- 312). Dr. Hartley found that the claimant's mental retardation and anxiety disorder caused her to experience moderate limitations in the areas of maintaining social functioning and maintaining concentration, persistence, or pace. (Tr. 299). In the section for documentation of factor pertaining to Listing 12.05, Dr. Hartley checked the box indicating that the claimant met the initial "capsule definition" that the claimant's subaverage intellectual functioning manifested itself before the claimant turned 22 years old. (Tr. 303). Further, Dr. Hartley noted in the Mental RFC Assessment that claimant was markedly limited in the following areas: i) ability to understand and remember detailed instructions; ii) ability to carry out detailed instructions; and iii) ability to interact appropriately with the general public. (Tr. 295-296).

Although the claimant bears the burden of proof at step three to establish that she meets or equals the requirements for a listed impairment, *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005), the ALJ's responsibilities at step three of the sequential analysis require him to determine "whether the claimant's impairment is equivalent to one of a number of listed impairments that . . . [are] so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) [quotation omitted]. *Clifton* requires the ALJ to discuss the evidence and explain why

claimant was not disabled at step three. *Id*. at 1009, *citing Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986).

At step three of the sequential evaluation, the ALJ determined that the claimant's severe impairment of mental retardation did not meet section 12.05 of the Listing of Impairments because "there is no evidence of an accompanying physical or other mental impairment imposing further limitation. Furthermore, there is no evidence of IQ scores within this required range prior to age 22." (Tr. 19). In order to satisfy section 12.05C, the claimant must first satisfy the diagnostic description included in the introductory paragraph which requires that the claimant possess "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i. e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05. This initial requirement is referred to as the "capsule definition." *Peck v. Barnhart*, 214 Fed. Appx. 730, 736 (10th Cir.) [unpublished opinion]. In addition to satisfying the capsule definition of mental retardation, the claimant must also satisfy two additional prongs in order to meet the requirements of Listing 12.05C: "a valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" 20 C.F.R. pt. 404, subpt. P, app. 1 [emphasis added].

As to the capsule definition applicable to the entirety of Listing 12.05, the ALJ simply stated that the claimant had not provided evidence of her IQ scores before the age

of 21. (Tr. 19). The claimant's high school transcripts—submitted to the Appeals Council—denotes her as "EMH," or "educable mentally handicapped," and indicates grades of B's, C's, and D's in Ninth Grade; F's, "G"'s (definition unknown), and "Ex" (definition unknown) grades in Tenth Grade; A's and B's in Eleventh Grade under a modified curriculum; and all "S" (satisfactory) grades in Twelfth Grade. (Tr. 210). The Appeals Council was required to consider this evidence if it was: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). Because Plaintiff argues that the transcript qualifies as new evidence and the Appeals Council *did* consider it (Tr. 8), the Court therefore has no difficulty concluding that it does qualify. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record . . . assess[ed] in evaluating the Commissioner's denial of benefits under the substantial-evidence standard."). The report was not duplicative or cumulative, and reasonably calls into question the disposition of the case because the ALJ relied in part on the lack of evidence as to the claimant's mental deficits before age 22. *See Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Lawson v. Chater*, 1996 WL 195124, at *2 (10th Cir. April 23, 1996). In fact, the ALJ's opinion indicates he erroneously believed the claimant was required to provide

evidence of an actual IQ score acquired prior to the claimant turning 22. (Tr. 19). *See* 20 C.F.R. pt. 404, subpt. P, app. 1. Listing 12.05C (claimant must possess "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i. e.*, the evidence demonstrates or supports *onset of the impairment* before age 22.") Last, the evidence pertains to the time "period on or before the date of the ALJ's Decision," because it discussed the claimant's impairment during the developmental period. *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). Thus, the ALJ had no opportunity to perform a proper analysis of the newly-submitted evidence in accordance with the authorities cited above. Moreover, Dr. Hartley's opinion, an opinion adopted by the ALJ and to which the ALJ assigned "great weight," indicates that the claimant *did* satisfy the capsule definition since Dr. Hartley checked the box next to a statement which specifically encompasses the capsule definition of Listing 12.05, and if the ALJ disagreed with that particular portion of Dr. Hartley's opinion, then he would have been required to discuss his reasons for adopting some, but not all, of Dr. Hartley's findings. *See, e. g.*, *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.").

Turning to the two prongs of section 12.05C, "'the purpose of § 12.05C is to compensate a claimant with an IQ in the 60-70 range and a limitation of function that affects h[er] work.'" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), *quoting Sird*

*v. Chater*, 105 F.3d 401, 403 n.6 (8th Cir. 1997). With respect to the requirements specifically comprising Listing 12.05C, the claimant clearly satisfies the first prong of the listing since her verbal, performance, and full scale IQ scores all fall below 70, *e. g.*, the claimant scored a verbal IQ of 65, performance IQ of 68, and a full scale IQ of 63 on the WAIS-III. (Tr. 266).

The second requirement of Listing 12.05C is that the claimant must have a "physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05C. The Tenth Circuit has adopted the view of the First and Eleventh Circuits that a "§ 12.05C limitation is significant if the claimant suffers from a severe physical or other mental impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function." *Hinkle*, 132 F.3d at 1352. ("We conclude the analysis employed by the First and Eleventh Circuits is the better interpretation of what must be shown to satisfy the second prong of § 12.05C."), *citing Edwards v. Heckler*, 736 F.2d 625, 629-31 (11th Cir. 1984) and *Nieves v. Secretary of Health & Human Services*, 775 F.2d 12, 14 & n.7 (1st Cir. 1985). "[W]hether a claimant has a § 12.05C 'significant limitation' should 'closely parallel' the step two standard, and is to be made without consideration of whether the claimant can perform any gainful activity beyond the analysis as made at step two." *Hinkle*, 132 F.3d at 1352-53, *citing Fanning v. Bowen*, 827 F.2d 631, 634 (9th Cir. 1987) (if claimant meets the § 12.05C listing and the durational requirement, "he must be found disabled without consideration of his age, education, and work experience[.]") [internal

citations omitted]. Here, the ALJ determined that claimant's "history of depression" *was* a severe impairment at step two. (Tr. 17). The ALJ provided no explanation at step two as to what he meant by that finding, and the Commissioner argues that the claimant's *history* of depression does not qualify as a significant limitation. Contrary to *Clifton*'s requirements, the ALJ did not even discuss the evidence or explain why claimant was not disabled at step three. *Clifton*, 79 F.3d at 1009. But even if the ALJ did not find that the claimant had an additional and significant work-related limitation of function, the ALJ's conclusion that the claimant could not perform her past relevant work (Tr. 23) meets the second prong of Listing 12.05C. See *Hinkle*, 132 F.3d at 1353 n.4 ("Needless to say, a claimant's inability to perform his past relevant work would meet the second prong of §12.05C."). *See also Peck v. Barnhart*, 214 Fed. Appx. 730, 734 (10th Cir. 2006) ("Based on the ALJ's findings [that the claimant had severe impairments that combined to significantly limit her ability to perform basic work-related functions *and* was unable to perform her past relevant work], Peck meets the additional significant impairment requirement under Listing 12.05C."), *citing Hinkle*, 132 F.3d at 1352-1353 & n.4. Thus, contrary to the ALJ's conclusion regarding Listing 12.05C, the claimant *did* provide evidence that her impairment existed before the age of 22, and *both* that she had an IQ score in the range of 60-70 *and* a "mental impairment imposing an additional and significant work-related limitation," either by her depression *or* by her inability to perform her past relevant work.

Because the ALJ's findings at step three with regard to Listing 12.05C is not supported by substantial evidence, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further analysis as outlined above.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma